**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
DEC 31 2014
AT 8:30_____M
WILLIAM T. WALSH CLERK

| | |
|---|---|
| WARNER TECHNOLOGY & INVESTMENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> RENYI HOU, <br><br> Defendant. | Civil Action No. 13-7415 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Renyi Hou's ("Mr. Hou" or "Defendant") motion to dismiss Plaintiff Warner Technology & Investment Corp.'s ("Plaintiff") Complaint on the grounds of lack of personal jurisdiction, improper venue, *forum non conveniens*, failure to state a claim, and failure to plead fraud with particularity. (ECF No. 14.) Plaintiff filed opposition (ECF No. 16), and Defendant replied (ECF No. 21). The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, and for other good cause shown, Defendant's motion to dismiss is granted pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on *forum non conveniens* grounds.[1]

---

[1] As the Court is dismissing this action pursuant to Rule 12(b)(1), it does not need to reach Defendant's other jurisdictional arguments for dismissal. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) (holding "that a district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection," including an objection based on personal jurisdiction).

I.  **Background**

Plaintiff brought this action to recover damages, including punitive damages, for the alleged breach of two contracts and related fraud. (Compl. 1, ECF No. 1.) On October 10, 2007, Plaintiff, a New Jersey corporation, and Sichuan Apollo Solar Science & Technology Co., Ltd. ("Sichuan Apollo"), a Chinese corporation and not a party to this action, entered into a Financial Consulting Agreement (the "Agreement"), whereby Sichuan Apollo appointed Plaintiff to act as its financial consultant. (Compl. ¶¶ 3, 4, 8; Zhou Decl.[2] ¶¶ 33, 34, ECF No. 18.) Defendant, a citizen of the People's Republic of China residing in Chengdu City, Sichuan Province, signed the Agreement in his representative capacity as President and CEO of Sichuan Apollo. (Compl. ¶ 6; Zhou Decl. ¶¶ 2, 3, 9.) Plaintiff asserts that, to induce it into entering into the Agreement, Sichuan Apollo, through Mr. Hou, fraudulently misrepresented that it had "the world's only independent supply of tellurium mineral resources, ha[d] developed certain technologies, and ha[d] been the supplier of cadmium telluride material to the domestic and foreign enterprises." (Compl. ¶ 12.) In the Agreement, Plaintiff promised to obtain funding and bring Sichuan Apollo's company public in the United States through a "reverse merger." (*Id.* ¶ 9.) Plaintiff alleges that the Agreement required Sichuan Apollo to establish Apollo Solar Energy, Inc. ("ASE"), in the United States. (*Id.* ¶ 10.) Plaintiff asserts that the Agreement is governed by the laws of the State of New Jersey. (*Id.* ¶ 14.)

On August 31, 2010, Plaintiff and Mr. Hou entered into a Certificate of Guarantee (the "Share Contract"), whereby Defendant agreed that he would not sell or otherwise transfer any of his personal ASE stock for an agreed upon amount of time. (*Id.* ¶ 15.) Plaintiff alleges that Mr.

---

[2] The Declaration of Huakang Zhou (ECF No. 18) was submitted in support of Plaintiff's memorandum of law in opposition to Defendant's motion to dismiss (ECF No. 16).

2

Hou sold over two million shares of his stock to four individuals in breach of the Share Contract. (*Id.* ¶ 16.)

Huakang Zhou ("Mr. Zhou"), the President of Plaintiff, asserts that Mr. Hou first contacted him in 2007 at his New York City office. (Zhou Decl. ¶¶ 1, 24.) In June 2007, Mr. Hou visited Plaintiff's New York City office to negotiate several terms of the Agreement. (*Id.* ¶¶ 25-26.) Mr. Zhou acknowledges that in August 2007 he traveled to China to negotiate additional terms of the Agreement with Sichuan Apollo. (*Id.* ¶ 27.) Mr. Zhou, however, states that "[t]he contract was also negotiated in part during October and November 2007 while I was in East Hanover, New Jersey . . . ." (*Id.* ¶ 29.) Plaintiff had offices located in both New York City and New Jersey until the end of 2010, at which time Plaintiff moved its primary office to Warren, New Jersey. (*Id.* ¶ 32.)

In contrast, Mr. Hou asserts that Mr. Zhou reached out to and solicited Sichuan Apollo's business in China. (Hou Decl. ¶¶ 6-7.) Mr. Hou states that negotiations regarding the Agreement occurred by e-mail, telephone, and face-to-face in China. (*Id.* ¶ 8.) Mr. Hou does not deny negotiating terms of the Agreement in New York City in June 2007. Mr. Hou asserts that Mr. Zhou traveled to China on at least six different occasions in connection with negotiations. (*Id.* ¶ 10.) Mr. Hou states that he never traveled to New Jersey in connection with the Agreement, and any money or remuneration exchanged in connection with the Agreement occurred in China. (*Id.* ¶¶ 21-25.) Additionally, the negotiations and signing of the Share Contract occurred in China. (*Id.* ¶ 27.)

Mr. Hou asserts that he has only been to New Jersey once, and the visit was unrelated to Plaintiff's claims in this action. (*Id.* ¶ 29.) Mr. Hou states that he has: (1) no personal ties to New Jersey; (2) never conducted any personal business in New Jersey; (3) never worked in New Jersey;

3

(4) never lived in New Jersey; (5) never owned property in New Jersey; and (6) never owned or maintained bank accounts in New Jersey. (*Id.* ¶¶ 30-35.)

Sichuan Apollo is not a party to this action. (*See* Compl.) Sichuan Apollo, a Chinese corporation, is a "refiner of tellurium and tellurium-based metals for various segments of the electronic materials market, but particularly for solar electronic products." (Hou Decl. ¶¶ 3-4.) Sichuan Apollo does not maintain any offices, employees, facilities, plants, or operations in the United States. (*Id.* ¶ 5.)

Defendant asserts that, in 2007, Mr. Zhou created ASE, a Delaware corporation also not a party to this action, to merge with Sichuan Apollo. (*Id.* ¶ 18.) Defendant alleges that Mr. Zhou was responsible for and in control of ASE's management and financial operations. (*Id.* ¶ 20.) Plaintiff agrees that ASE is a Delaware corporation (Compl. ¶ 5) but asserts that "ASE is a shell company and all of the real business activities were in China." (Pl.'s Opp'n 13-14, ECF No. 16; Zhou Decl. ¶ 10.)

Mr. Hou asserts, upon information and belief, that Mr. Zhou is currently residing in China, seeking safe harbor from a Securities and Exchange Commission ("SEC") judgment against him.[3] (Hou Decl. ¶ 41; Def.'s Br. 6, ECF No. 14-4.) Mr. Zhou does not address where he is currently residing in his declaration. Instead, Mr. Zhou only states that his official residence is in New Jersey and that he travels to China approximately four times per year. (Zhou Decl. ¶ 56.) Mr. Zhou also confirms that he "will make necessary arrangements to be present in New Jersey for the trial of this litigation." (*Id.*)

---

[3] Defendant asserts that Plaintiff and Mr. Zhou were prosecuted by the Securities and Exchange Commission for violating securities laws and employing fraudulent schemes and devices against several Chinese corporations, including Sichuan Apollo. (Def.'s Br. 6; Hou Decl., Exs. A, B, ECF Nos. 14-2, 14-3.)

4

In the Complaint, Plaintiff alleges that Mr. Hou breached both the Agreement and the Share Contract when he failed to transfer his personal shares of ASE to Plaintiff and sold shares of his personal stock of ASE to other individuals. Plaintiff's Complaint asserts the following claims against Mr. Hou: (1) breach of contract; (2) specific performance; (3) fraud; (4) unjust enrichment; (5) breach of fiduciary duties; and (6) violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10-B5. Plaintiff seeks compensatory damages, punitive damages, a transfer of shares to Plaintiff, and an accounting.

## II. Analysis

Under the common law doctrine of *forum non conveniens*, a district court has the discretion to dismiss a case if "a court abroad is the more appropriate and convenient forum for adjudicating the controversy." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007). The decision to dismiss a case on *forum non conveniens* grounds rests in the sound discretion of the trial court. *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 188-89 (3d Cir. 2008). "Dismissal for *forum non conveniens* reflects a court's assessment of a 'range of considerations, most notable the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality.'" *Sinochem Int'l Co.*, 549 U.S. at 429 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996)). "The analysis under a motion to dismiss for *forum non conveniens* is flexible and must be made on the unique facts of each case." *Mediterranean Golf, Inc. v. Hirsh*, 783 F. Supp. 835, 840 (D.N.J. 1991) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50 (1981)).

The Third Circuit applies a three-part analysis in determining if dismissal based on the doctrine of *forum non conveniens* is appropriate. First, a district court must "determine whether an adequate alternative forum can entertain the case." *Windt*, 529 F.3d at 189-90. Second, "[i]f

such a forum exists, the district court must then determine the appropriate amount of deference to be given the plaintiff's choice of forum." *Id.* at 190. Finally, "[o]nce the district court has determined the amount of deference due the plaintiff's choice of forum, the district court must balance the relevant public and private interest factors." *Id.* "If the balance of these factors indicates that trial in the chosen forum would result in oppression or vexation to the defendant out of all proportion to the plaintiff's convenience, the district court may, in its discretion, dismiss the case on *forum non conveniens* grounds." *Id.*; *see also Chigurupati v. Daiichi Sankyo Co.*, 480 F. App'x 672, 674 (3d Cir. 2012).

The party moving to dismiss on grounds of *forum non conveniens* "bears the burden of persuasion as to all elements of the *forum non conveniens* analysis." *Lony v. E. I. Du Point De Nemours Co.*, 886 F.2d 628, 632 (3d Cir. 1989) (citing *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir. 1988)). Then, Plaintiff has the opportunity to rebut the evidence presented by the defendant in support of the motion to dismiss. *Chigurupati*, 480 F. App'x at 674 n.4.

### A.    Adequate Alternative Forum[4]

The first step in a *forum non conveniens* analysis is whether an adequate alternative forum exists. A party to the lawsuit can satisfy this element of the *forum non conveniens* analysis "when the defendant is amenable to process" in the alternative forum. *Piper Aircraft Co.*, 454 U.S. at 254 n.22. Notably, "[i]nadequacy of the alternative forum is rarely a barrier to a *forum non conveniens* dismissal." *Chigurupati v. Daiichi Sankyo Co.*, No. 10-5495, 2011 WL 3443955, at *3 (D.N.J. Aug. 8, 2011), *aff'd*, 480 F. App'x 672 (3d Cir. 2012) (internal quotations omitted).

---

[4] While both parties correctly cite the Supreme Court case of *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947), at the outset of their respective *forum non conveniens* analysis, neither party lays out or applies the relevant test from this landmark case. Regardless, the parties' briefing provides this Court with the relevant facts necessary to undertake the appropriate *forum non conveniens* analysis.

6

The alternative forum proposed by Mr. Hou is the People's Republic of China, his home country. (Def.'s Br. 3, 7, ECF No. 14-4.) Here, Defendant is amendable to service in China because his domicile is in China. Plaintiff argues that China is not an adequate alternative forum because China's judicial system is ill-equipped to apply New Jersey law. (Pl.'s Opp'n 7, ECF No. 16.) Plaintiff makes no other argument that China would not be an adequate forum or that China's courts would deny it an appropriate remedy in this case.

Federal courts have held that China provides an adequate forum to resolve civil disputes. *See e.g.*, *CYBERsitter, LLC v. People's Republic of China*, No. 10-38, 2010 WL 4909958, at *5 (C.D. Cal. Nov. 18, 2010); *Sinochem*, 549 U.S. at 435-36; *Jiali Tang v. Synutra Int'l, Inc.*, 656 F.3d 242, 248, 250-51 (4th Cir. 2011); *Nai-chao v. Boeing Co.*, 555 F. Supp. 9, 17 (N.D. Cal. 1982). Additionally, a plaintiff's concern over the application of New Jersey law in China "should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry." *See Piper Aircraft Co.*, 454 U.S. at 247. This is because the satisfaction of this prong of the analysis does not require the Court to "conduct[] complex exercises in comparative law." *Id.* at 251.

The doctrine of *forum non conveniens* was designed in part to avoid having district courts engage in a complex choice-of-law analysis and interpret the laws of foreign jurisdictions. Accordingly, this Court finds that Mr. Hou has met his burden, and China is an adequate alternative forum to resolve the parties' dispute.

**B. Deference to Plaintiff's Choice of Forum**

Next, "[i]f [an adequate alternative] forum exists, the district court must then determine the appropriate amount of deference to be given the plaintiff's choice of forum." *Windt*, 529 F.3d at 189-90. "[A] strong presumption of convenience exists in favor of a domestic plaintiff's chosen

7

forum." *Id.* at 190 (citing *Piper Aircraft Co.*, 454 U.S. at 255). A United States corporation, however, "does not have an absolute right to use United States Courts," especially when the corporation is "doing business abroad." *Thomson v. Palmieri*, 355 F.2d 64, 65 (2d Cir. 1966); *see also Alcoa S.S. Co. v. M/V Nordic Regent*, 645 F.2d 147, 154 (2d Cir. 1980).

Here, Plaintiff asserts that it "is a New Jersey Corporation located in Warren, NJ." (Compl. ¶ 3.) Defendant does not dispute this fact. As such, the Court will give the Plaintiff's choice of forum, the District of New Jersey, substantial deference.

### C. Balancing of the Private and Public Interest Factors

The third and final step of a *forum non conveniens* analysis requires the district court to balance the private and public interest factors. *Windt*, 529 F.3d at 189-90. The deference to be afforded the Plaintiff's choice of forum "may be overcome only when the balance of the public and private interests clearly favors an alternate forum." *Id.* at 190 (citing *Piper Aircraft Co.*, 454 U.S. at 255).

#### 1. *Private Interests*

A district court must consider private interest factors when undertaking a *forum non conveniens* analysis, that include: (1) "the relative ease of access to sources of proof"; (2) "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses"; (3) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; and (4) "the enforceability of a judgment if one is obtained." *Gilbert*, 330 U.S. at 508.

When analyzing these private interest factors, the Supreme Court held that "the district court must scrutinize the substance of the dispute . . . to evaluate what proof is required, and determine whether the pieces of the evidence cited by the parties are critical, or even relevant, to

the plaintiff's cause of action and to any potential defenses to the action." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528 (1988) (quoting *Gilbert*, 330 U.S. at 508). The district court's application of the *forum non conveniens* analysis, however, "does not call for a detailed development of the entire case," but only "a brief review of the issues necessary to determine who the critical witnesses are." *Mediterranean Golf, Inc.*, 783 F. Supp. at 843 (internal quotations omitted). Additionally, the Third Circuit held that translating all relevant documents from Chinese to English is another critical concern when analyzing the private interest factors. *See Lony*, 886 F.2d at 639; *see also Mediterranean Golf, Inc.*, 783 F. Supp. at 848.

### 2. *Public Interests*

A district court must also consider public interest factors when undertaking a *forum non conveniens* analysis, that include: (1) "the administrative difficulties flowing from court congestion"; (2) "the local interest in having localized controversies decided at home"; (3) "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action"; (4) "the avoidance of unnecessary problems and conflicts of laws or the application of foreign law"; and (5) "the unfairness of burdening citizens in an unrelated forum with jury duty." *Lony*, 886 F.2d at 640 (internal quotations omitted). "In evaluating the public interest factors the district court must 'consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum.'" *Lacey*, 862 F.2d at 48 (quoting *Van Cauwenberghe*, 486 U.S. at 528).

### 3. *Parties' Positions*

#### i. Defendant's Position

Defendant argues that the locus of the dispute is largely in China. (Def.'s Br. 1, 5, ECF No. 14-4.) Defendant asserts that the "facts underlying the claims alleged in the Complaint

occurred almost exclusively in China." (*Id.* at 3.) Defendant argues that "all of the business transactions between [Plaintiff], Sichuan Apollo and ASE occurred in China." (Hou Decl. ¶ 39.) Additionally, Defendant asserts that if the alleged injury actually occurred, it occurred in China. (Def.'s Br. 14.) Mr. Hou argues that the people of New Jersey should not have to be burdened by jury duty where the only connection between New Jersey and the underlying claims is that Plaintiff is situated in the state. (*Id.* at 21-22.) Because the underlying facts of this action occurred "almost exclusively in China," Defendant asserts that "the majority of the witnesses (including the two primary witnesses, Zhou and [Defendant]) and, more importantly, the bulk of material evidence is located in Sichuan Province, China." (*Id.* at 3, 20-21.)

Additionally, Mr. Hou asserts that if "any judgment were entered by this Court against [him], [Plaintiff] would have to pursue that judgment in China." (*Id.* at 16.) Mr. Hou states that he has no assets and owns no property in New Jersey and that "it is doubtful that the courts in China would honor or give full faith and credit to any judgment entered by [the District of New Jersey] against [Defendant]." (*Id.* at 22.) Finally, Mr. Hou also claims that Plaintiff "forum shopped" in an attempt to "home town" the Defendant and force him to incur substantial legal costs. (*Id.* at 16.)

        ii.      Plaintiff's Position

To rebut Defendant's arguments, Plaintiff asserts that there is a local interest in having this matter decided by this Court because "this litigation involves two corporations with direct ties to the State of New Jersey." (Pl.'s Opp'n 33, ECF No. 16.) Plaintiff asserts that although "Defendant attempts to persuade the Court that the action should be heard in China[–]because Sichuan Apollo is a Chinese corporation[–]. . . [it] is wholly irrelevant because the causes of action directly relate to [Plaintiff] and ASE." (*Id.* at 31.) Plaintiff argues that "[t]his case involved a business

transaction between a New Jersey corporation, a corporation with an office in New Jersey, and an individual who served as the President and CEO of a New Jersey corporation." (*Id.* at 6.)

In further support of its opposition, Plaintiff asserts that the majority of its witnesses, approximately ten people, live in the United States, and a majority of the evidence (materials used by a financial company in New Jersey to prepare documents required in order for ASE to go public) is located in New Jersey. (Zhou Decl. ¶¶ 7, 54.) Additionally, to rebut Defendant's argument that any judgment against him would have to be pursued in China, Plaintiff asserts that it is only seeking a court-ordered transfer of stock. (Pl.'s Opp'n 32.) Plaintiff, in addition, asserts that this action should remain in New Jersey because it would be "nearly impossible" for China to apply New Jersey law. (*Id.* at 33.)

### 4. *Balancing of the Private and Public Interests*

This action concerns the alleged breach of two contracts and related fraud—the Agreement and the Share Contract. The Agreement was executed between Plaintiff and Sichuan Apollo, a Chinese corporation, through Mr. Hou, a Chinese resident, in his representative capacity. The Share Contract was executed between Plaintiff and Defendant, a Chinese resident. Through the Agreement, ASE was established, which Plaintiff admits "is a shell company and all of the real business activities were in China." (Pl.'s Opp'n. 13-14; Zhou Decl. ¶ 10.) The Court agrees with Defendant that "[t]his dispute has no tangible connection to the State of New Jersey other than the fact that [Plaintiff] was established and maintains an office in New Jersey." (Def.'s Br. 3, 14.)

Mr. Zhou, on behalf of Plaintiff, and Mr. Hou, on behalf of Sichuan Apollo, negotiated terms of the Agreement in June 2007 in Plaintiff's New York City office. Thereafter, Mr. Zhou traveled to China to continue negotiations with Sichuan Apollo. Throughout the course of negotiations, Mr. Zhou sent e-mails from New Jersey; however, Mr. Hou never travelled to or

11

visited New Jersey in connection with negotiations of either contract. Mr. Zhou signed the Agreement on behalf of Plaintiff in New York City. Mr. Hou signed the Agreement in China. Additionally, the negotiations and signing of the Share Contract occurred in China.

The Complaint alleges breach of contract, breach of fiduciary duty, unjust enrichment, fraud, and securities violations. These claims involve allegations of fact regarding Defendant's affirmative acts and omissions. (Compl. ¶¶ 15, 16, 17.) The gravamen of these allegations is the failure of Mr. Hou, a resident of China, to perform obligations under the Agreement and the Share Contract.

This litigation involves only one corporation doing business in New Jersey, Plaintiff. While Plaintiff was performing business in New York and New Jersey throughout the negotiations of the contracts, Plaintiff knew it was doing business with a Chinese corporation through a Chinese resident. (Zhou Decl. ¶ 32; Compl. ¶ 6.) Additionally, Plaintiff has not brought this action against *any* corporation, let alone a New Jersey corporation. (*Id.*) Plaintiff chose to bring this suit only against a Chinese resident. Plaintiff did not dispute that any breach that may have occurred would have taken place in China. (Def.'s Br. 14.)

In addition, the documentary evidence is written and recorded in Chinese. (Hou Decl. ¶¶ 39-40.) The Agreement was even originally submitted to the Court in Chinese as an exhibit attached to the Complaint. (Compl., Ex. A.) More than six months passed before this Court received the English translation of the Agreement. (Zhou Decl., Ex. G.)

Moreover, Plaintiff's blanket statement that the majority of the evidence needed for trial is located in the United States is unavailing, as Plaintiff does not state who any of the witnesses are or why financial documents relating to ASE going public are necessary to establish the alleged breach of and fraud regarding the two contracts. Additionally, any argument by Plaintiff that it is

12

only seeking a court-ordered transfer of stock disregards the primary relief sought in Plaintiff's Complaint, compensatory and punitive damages. (Compl. 1.)

Furthermore, this Court does not need to concern itself with the application or choice of the substantive law a court in China may apply. "[T]he possibility of an unfavorable change in substantive law should not be given substantial weight in the *forum non conveniens* doctrine inquiry, since 'if central emphasis were placed on any one factor, the *forum non conveniens* doctrine would lose much of the very flexibility which makes it so valuable.'" *Lacey*, 862 F.2d at 46 (quoting *Piper*, 454 U.S. at 249-50). The Second Circuit has recognized that litigating a case in a foreign country may prevent plaintiffs from availing themselves of some benefits of United States securities laws but that a *forum non conveniens* dismissal "is not trumped simply because the foreign forum will apply different substantive law than an American court." *N.V. v. Nat'l Westminster Bank PLC*, 155 F.3d 603, 609-10 (2d Cir. 1998). Therefore, the New Jersey choice of law provision in the Agreement does not require this Court to deny Defendant's motion to dismiss on *forum non conveniens* grounds, and a Chinese court may determine what substantive law to apply.

Taking all of these private and public interest factors into consideration, the Court must determine if the private and public interest factors weigh in favor of dismissing the case on *forum non conveniens* grounds. "If the balance of these factors indicates that trial in the chosen forum would result in oppression or vexation to the defendant out of all proportion to the plaintiff's convenience, the district court may, in its discretion, dismiss the case on *forum non conveniens* grounds." *Windt*, 529 F.3d at 190; *see also Chigurupati*, 480 F. App'x at 674.

Here, the more appropriate forum for this litigation is China. Mr. Hou is a resident of China. Sichuan Apollo and ASE are not parties to this action. The key witnesses appear to be

living in China, and the key evidence is already located in China. Additionally, as Plaintiff does not dispute, the breaches of contract and fraud Plaintiff complains of occurred, if anywhere, in China. The key documents in this case, including the Agreement and the Share Contract, are written in Chinese. Mr. Hou has no assets or property in the United States. Even if the Plaintiff received a money judgment in this case, the Court is concerned that Plaintiff would then need to pursue this judgment in China. In addition, any difficulty that the Chinese courts may face in applying New Jersey law is not a controlling issue that this Court must provide substantial weight. Therefore, there is no local interest in having this case decided in New Jersey because the acts and omissions that give rise to the Plaintiff's claims occurred largely in China.

The Court has already concluded that China would be an adequate alternative forum and substantial deference should be afforded to Plaintiff's choice of forum. Weighing all of the private and public interest factors together, the Court concludes that forcing Mr. Hou to litigate in this forum would be "oppressive[] and vexatio[us]" to him out of all proportion with the Plaintiff's convenience. *Piper*, 454 U.S. at 241. Accordingly, Defendant's motion to dismiss on *forum non conveniens* grounds is granted.

### III. Conclusion

For the reasons set forth above, it is hereby ordered that Defendant's motion to dismiss on grounds of *forum non conveniens* is granted, and Plaintiff's Complaint is dismissed. An Order consistent with this Opinion will be entered.

      s/ Michael A. Shipp
    **Michael A. Shipp**
    **United States District Judge**

Dated: December 31, 2014